[No. 18523. Department Two. June 3, 1924.]

## C. L. GAY, *Respondent*, v. C. B. HANSEN *et al.*, *Appellants.*[1]

APPEAL (440)—REVIEW—HARMLESS ERROR—STRIKING CROSS-COM-
PLAINT. Error in striking a cross-complaint is harmless where it
was not necessary to the proof to be offered under it, which was ad-
missible under defendant's general denials; and the testimony, not
being brought up, will be presumed to support findings negativing
the claim and proof under the cross-complaint or denials.

Appeal from a judgment of the superior court for
King county, Frater, J., entered June 29, 1923, upon
findings in favor of the plaintiff, in an action for con-
version, tried to the court. Affirmed.

*C. W. Strother*, for appellants.

*Foster & Dailey*, for respondent.

BRIDGES, J.—This case is here on the transcript
alone. The complaint alleges that the plaintiff was, in
September, 1922, the owner and in possession of three
or four second-hand automobiles of the value of $750;
that, at the time mentioned, the defendants wrongfully
took possession of them and converted them to their
own use, to plaintiff's damage in the sum of the value
thereof. Judgment was prayed for $750. The answer
denied all the allegations of the complaint, and plead
by cross-complaint that the plaintiff and one W. R.
Dickson (not a party to the action) were co-partners
engaged in selling second-hand automobiles and owned
the automobiles above mentioned; that between June
and October, 1922, the cross-defendants became in-
debted to the cross-complainants in the sum of $178.30
for various repairs and services performed on the
automobiles; that the cross-defendants had not paid

[1]Reported in 226 Pac. 271.

any portion of that amount; that the same constitutes a lien upon the automobiles, and that, upon payment of the repair bill and for services, the cross-complainants were willing to surrender the automobiles to the cross-defendants. The prayer is for judgment against the cross-defendants in the sum of $178.30.

The plaintiff moved to strike the cross-complaint because it was sham, frivolous and tendered no issue. This motion was sustained and defendants were granted leave to amend. Apparently they refused to amend, and the case went to trial before the court without a jury, on the complaint and the denials of the allegations thereof. The court found that, on the 6th of September, 1922, the plaintiff was the owner and in possession of the automobiles and that their reasonable value at that time was $427.50; that, on or about that date, the defendants "took, seized, transported and carried away the said automobiles and converted the same to their own use without the knowledge or consent of the plaintiff, to his great damage and injury." The court concluded that plaintiff was entitled to judgment in the sum of $427.50, and subsequently judgment was rendered in accordance with the findings and conclusions.

The only error assigned by the defendants on their appeal is that the court erred in striking the cross-complaint.

It is probable that the cross-complaint failed to state a cause of action because it did not allege that the cross-complainants were authorized by the cross-defendants to perform the services and make the repairs for which recovery was sought, and upon this theory the order of the trial court striking the cross-complaint may be sustained. It is asserted in the briefs—and is probably true—that the court treated

the motion to strike as a demurrer to the sufficiency of the cross-complaint.

But let us look at the case from a somewhat broader viewpoint. If it be conceded that the cross-complaint stated a cause of action, then it is our view that the court erred in striking it, but it is also our view that the record discloses that the error was not prejudicial to the rights of the cross-complainants. In the first place, the question whether plaintiff previously owned the automobiles and they were wrongfully taken from him, or whether, as set up in the cross-complaint, he and another owned the property, could be determined under the denials to the answer. The cross-complaint was not necessary to proof of this character. The only relief which the cross-complainants could obtain under their cross-complaint would be a personal judgment for the amount of their services performed on the automobiles. But the court, upon trial, expressly found that the cross-complainants had wrongfully taken the plaintiff's property and converted it to their own use. If so, then it is plain that the cross-complainants could not have obtained any relief under their cross-complaint. In other words, it is plain from the findings made by the trial court that, had the cross-complaint been sufficient and been allowed to. stand, the cross-complainants could not have obtained any relief thereunder. The testimony is not brought here and we must assume that it supports the findings to the effect that the automobiles belonged to the plaintiff and that the cross-complainants were guilty of conversion. Under these circumstances, the error, if any, in striking the cross-complaint was without prejudice. The judgment is affirmed.

Main, C. J., Fullerton, Pemberton, and Mitchell, JJ., concur.